[Crim. No. 183. Fourth Appellate District.—September 5, 1935.]

THE PEOPLE, Respondent, v. BOB LEE, Appellant.

John L. McNab, Robert Littler and Frank Curran for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was accused in two separate informations with having violated the state Narcotic Act. In one information he was charged with having sold a preparation of opium and in the other he was accused of having sold a preparation of cocaine. The defendant entered a plea of not guilty to both accusations. On the date appointed for the trial it was stipulated between counsel for the defendant and the district attorney that the two actions should be consolidated for trial. Upon the conclusion of the trial before a jury selected for the purpose verdicts were returned convicting defendant of both offenses. The defendant thereupon moved for a new trial, which motion was denied and judgment was rendered whereby the defendant was sentenced to be confined in the state prison as punishment for each offense, the two sentences to run concurrently. From the court's order denying his motion for a new trial and from the judgment of conviction the defendant has perfected the present appeal.

The first point which appellant makes on this appeal is that the trial court committed reversible error in denying his motion for a new trial. Proper consideration of this conten-

tion requires an examination not only of the evidence which was produced in support of the motion but also of the evidence which was produced during the trial of the action.

The evidence which was produced in support of the motion for a new trial consisted principally of an affidavit made by a witness who was an important witness for the prosecution during the trial of the case. By this affidavit the witness wholly repudiated his former testimony and admitted that he had committed perjury during the trial. As a proper background upon which to project the picture presented by this affidavit and for the purpose also of considering the effect produced by it upon the entire history of the case a *résumé* of the evidence produced during the trial by respondent is at least desirable.

The evidence which tended to show that appellant was guilty of the offenses charged against him consisted of the testimony of the witnesses Blonder, Evans and Ng Loon. The two first-named witnesses were narcotic inspectors for the state of California. The witness Ng Loon was a Chinaman who stated that he operated a chop suey restaurant in the city of Fresno. The testimony of the above-mentioned inspectors showed that during the early part of March, 1935, they were in the city of Fresno for a number of days for the purpose of investigating the illicit possession and sale of narcotics in that city; that on March 3d or thereabouts they arrested Ng Loon as the possessor of a very considerable quantity of narcotics; that after Ng Loon's arrest they proceeded to use him as an operator for the purpose of uncovering other infractions of the State Narcotic Act; that in pursuit of this program they secured the sum of $160, represented by certain bank notes whose serial numbers they copied in a memorandum; that they then handed these notes to Ng Loon and made an appointment to meet him in front of the house in which appellant had living quarters at 11:55 A. M. of March 4, 1935; that they met Ng Loon at the appointed time and place and searched him for the purpose of discovering whether he then had any narcotics in his possession; that they did not request that he remove his hat during the search; that they found no narcotics on his person; that Ng Loon then went to the apartment occupied by appellant where he remained for about three minutes; that in a short time he reappeared in

company with appellant and the two were arrested by the inspectors who returned them to appellant's apartment; that both men were then and there searched and it was discovered that Ng Loon had a can containing gum opium and an envelope containing a small quantity of cocaine and that appellant had in his wallet the various bank notes whose serial numbers had been noted by the inspectors as aforesaid; that appellant offered to pay the witness Blonder a sum of money if he would ''forget'' the matter. The witness Ng Loon testified that on March 4, 1935, he telephoned the appellant and stated that he wanted to purchase some opium and cocaine; that appellant said that he had the aforesaid narcotics; that it was agreed that the witness would meet appellant at his apartment at noon on the above-mentioned date; that he met appellant at the appointed time and place and paid him $100 for a can of opium, receiving $2 in change, and $60 for an envelope containing some cocaine; that the money which he paid appellant for the opium and cocaine was money which the inspectors had ''marked''; that he was searched by the inspectors prior to his going to appellant's apartment; that when he was searched he removed his hat from his head; that he had no narcotics on his person when he met appellant; that he telephoned appellant and made the purchase of the above-mentioned narcotics from appellant at the suggestion of the inspectors and in the belief that he would receive more lenient treatment in the matter of the charge of possession pending against him if he adopted the suggestion.

In the affidavit which was presented in support of appellant's motion for a new trial, Ng Loon stated that at the time he was arrested for possession of narcotics he requested the arresting officer to help him to secure a light sentence and was told that if he would assist the officer the latter would assist him; that the officer gave him $160 in marked money; that he took this money and gave it with $40 additional of his own to appellant in payment of a like sum which he had previously borrowed from appellant; that he did not then or at any other time purchase or receive from appellant any narcotics; that the narcotics which were discovered after he left appellant's apartment were narcotics which he had concealed on his person at the time he went to appellant's apartment on March 4, 1935; that the testimony which he gave at the trial of appel-

lant was entirely false and was given in the hope and belief that by so doing he would receive leniency at the hands of the court when he should appear for sentence for violation of the state Poison Act, to the commission of which offense he had theretofore entered a plea of guilty.

In support of his contention that the trial court committed reversible error in denying his motion for a new trial, appellant urges that it must be conceded that no evidence was produced during the trial which proved the commission of the offenses specified in the informations other than the testimony of the witness who, by his affidavit, has so effectually repudiated his prior testimony. With this statement respondent takes issue. We are impelled to the conclusion that the respondent is correct and that the above-mentioned concession is not necessary. It may properly be conceded that the testimony of the recanting witness was an important factor in appellant's conviction. It may even be conceded that it was so important that of itself it would have supported verdicts of conviction. It did not, however, stand alone. There was other evidence, circumstantial in character, which was strongly persuasive of appellant's guilt. The giving of "marked" money to the witness Ng Loon, the search of this witness for the purpose of discovering whether or not he had any narcotics concealed on his person immediately prior to his entrance into appellant's apartment, the very brief time that elapsed after he had entered the apartment until his reappearance, the discovery of the narcotics in his possession immediately after he came out from the apartment, the discovery of the "marked" money in the possession of appellant at the same time, are circumstances which, taken together, are highly indicative of appellant's guilt and which certainly preclude the necessity of making the concession which appellant urges must be made. The case of *Sauvain* v. *United States,* 31 Fed. (2d) 732, presents a factual situation strikingly similar to that which is presented by the above-narrated circumstances in the instant case. In the cited case the defendant was charged in two counts with possession and sale of narcotics. He was convicted and sentenced on both counts and appealed. In discussing the contention that the evidence was insufficient to support the judgment of conviction of the offense of sale the United States Circuit Court of Appeals

said: "The evidence is ample to support the conviction. The officers searched an addict, finding neither money nor narcotics on him. They gave him $3.00 in marked money, kept him under their eyes until he went into the defendant's house, from which he emerged shortly with the defendant. When they emerged the addict had narcotics and the defendant had the marked money. There is other evidence, but this is ample."

■ Appellant stresses the point that. in their search of Ng Loon's person prior to his entrance into appellant's apartment, the officers did not compel him to remove his hat. From this it appears to be argued that it must now be assumed that Ng Loon then had the narcotics which were later discovered in the pockets of his clothing concealed in his hat. Such a contention is useless. It is an argument which could have been made and which doubtless was made to the jury. It must be remembered that Ng Loon testified positively that he removed his hat when he was searched by the officers. Furthermore, both appellant and his wife testified that appellant did not have the narcotics in his possession and that he neither sold nor gave them to Ng Loon. Since it is not denied that Ng Loon had the narcotics in his possession immediately after he emerged from appellant's apartment, it is apparent that the only explanation for this fact which could fit appellant's defense was that Ng Loon had the narcotics in his possession when he entered the apartment. The determination of this question involved the solution of a pure question of fact. Obviously the jury had to discover whether the explanation was true or false. The determination was unfavorable to appellant. It may not now be urged that the jury's rejection of the explanation is unsupported by evidence.

■ Appellant urges that the great weight of authority in the United States supports the proposition that the denial of a new trial is an abuse of discretion when an important witness who has testified for the prosecution repudiates his testimony and admits that he committed perjury when he gave it. While we entertain very considerable doubt as to whether the proposition is supported by the weight of authority in the United States we entertain no doubt that, as stated, it is not the law in California. It is our conclusion

that the case of *People* v. *Tallmadge,* 114 Cal. 427 [46 Pac. 282], is directly in point and that it has definitely settled the question adversely to the contention advanced by appellant. It is there decided that a new trial is not required to be granted as a matter of law upon the ground of newly discovered evidence when it is shown by the affidavit of the complaining witness that he had committed perjury in giving his testimony during the trial of the action. Appellant endeavors to differentiate the cited case from the present by pointing to the fact that the affidavit of the recanting witness in the Tallmadge case was met by counteraffidavits filed by the respondent, whereas it appears that no counteraffidavits were presented by the respondent in the instant case. From this it is argued that, on the motion of appellant for a new trial, the only evidence which the court had before it consisted of the affidavits presented in support of the motion. Concededly the most important affidavit thus presented and the one on which appellant bases its contention that the trial court committed reversible error in denying the motion was the affidavit of Ng Loon. The allegations of this affidavit have heretofore been described in detail.

■ Since it is urged that the failure of respondent to have filed any counteraffidavit traversing the allegations of the above-described affidavit is so vital that its ultimate effect is to render the denial of a new trial error demanding a reversal of the order of denial, it may properly be inquired just what allegations were contained in the affidavit which could have been traversed and which had not already been denied either directly or indirectly by evidence produced during the trial of the action. In this connection, it must be observed that appellant's motion for a new trial specifically stated that it would be made upon the papers, records and files of the action and upon the phonographic transcript of the evidence produced during the trial. The trial court, therefore, in passing on the motion had before it and was bound to consider all evidence produced during the trial in addition to the affidavits filed in support of the motion.

When, therefore, the affidavit of the recanting witness is examined in the light of the evidence theretofore submitted for the purpose of answering the above-mentioned inquiry, it is apparent that there are only two allegations that could

have been controverted by counteraffidavits. These are first, that the arresting officer promised to assist the affiant to secure a light sentence if affiant would help him; and second, that the affiant, when he entered appellant's apartment, had in his possession, concealed on his person, the narcotics which he testified he purchased from appellant. It is obvious that the inspectors could have made no more efficacious denial of the second of the above-mentioned allegations than they did during the trial. They then testified fully as to the search which they made of the affiant's person immediately prior to his entrance into the building wherein appellant's apartment was located. They admitted that affiant was not compelled to remove every article of his clothing before he entered the building. Manifestly, they could have gone no further than this in counteraffidavits which they might have filed in opposition to Ng Loon's affidavit. Yet this they would have had to do in order to make a complete denial of the very general statement contained in Ng Loon's affidavit that he had the narcotics concealed on his person when he entered appellant's apartment. We have no hesitancy in declaring that the officers were not required to go to the length of stripping the clothing from Ng Loon so that there could be no possibility of the man having concealed narcotics on his person.

The allegation as to the promise made to affiant is entirely immaterial so far as the particular matter now under consideration is concerned. We are now considering the effect of respondent's failure to file counteraffidavits in opposition to the affidavit of the recanting witness. It is said that this failure left entirely unexplained and undenied the allegations of the affidavit and that therefore the court erred in denying the motion. It may be conceded that, when the trial court passed upon the motion for a new trial, it was bound to assume that the officers had made the promise which the affidavit alleged they had made. We entertain no doubt that the court did indulge in this assumption particularly since the transcript shows that respondent's witness, Evans, testified positively during the trial that Ng Loon was employed by the state narcotic department at the time he went to appellant's apartment. We do not understand that it is contended that, because Ng Loon had been promised leniency if he would

assist the officers in uncovering another infraction of the law, therefore the court was bound to grant the motion for a new trial. Such contention, if made, would be utterly lacking in merit. The promise of leniency was a fact that tended to show the interest of the witness. It was a fact that had to do with the question of his credibility. It was a fact to be submitted for the consideration of the jury. While it is true that this fact was not presented to the jury it is also true that it was shown that this witness was being used as an operator or informer. The fact of his interest was therefore presented to the jury and undoubtedly was considered by it in determining the credibility of the witness.

We are finally constrained to observe that the responsibility of weighing the recantation was imposed upon the trial court. Upon this tribunal rested the duty of determining whether the recantation was true or false. It could not properly shift to another jury the responsibility with which, in the proper discharge of its duty, it was burdened (concurring opinion of Justice Cardozo in *People* v. *Shilitano*, 218 N. Y. 161 [112 N. E. 733, 739, L. R. A. 1916F, 1044]). It is too firmly established to require the citation of any authorities that the trial court is vested with a wide discretion in passing upon motions for a new trial and that only when it is clearly made to appear that the trial court has capriciously or arbitrarily abused its discretion its action granting or denying such a motion will be disturbed. We entertain a settled conviction that no such abuse of discretion has here been shown.

In his attack upon the judgments of conviction appellant first contends that the evidence produced during the trial shows that he was "entrapped" into accomplishing the acts of which he was convicted and that public policy estops the state from prosecuting him for the commission of the offenses which the state has deliberately induced him to commit. This contention properly assumes that the witness Ng Loon, at the time he purchased the narcotics, was in the employment of the state narcotic department.

The defense of entrapment is recognized as a valid defense available to a person charged with the commission of a public offense under certain circumstances. The essential and important element which renders the defense available

is the fact of inducement. If an officer or someone acting under his direction induces or persuades a person to commit a crime which he would not have committed without such inducement, the law will not punish the person thus lured into commission of the offense (*People* v. *Malone*, 117 Cal. App. 629 [4 Pac. (2d) 287]). Appellant urges that, under the facts presented by the evidence herein, the burden rested on the prosecution to show that the officers suspected and had reason to suspect that appellant was making illegal sales of narcotics, that appellant was actually engaged in the illicit traffic and that the offer to buy merely afforded appellant an opportunity to sell, and that there was no unusual pressure placed upon appellant to cause him to make the sales. It is declared that the evidence failed to show that respondent sustained this burden.

With respect to the claim that there was no evidence which tended to prove that appellant was engaged in illegal traffic in narcotics or that he was even suspected of making illegal sales, it may be conceded that there was no evidence of prior sales. Such evidence, if offered, would have been inadmissible and objection to its reception would undoubtedly have been made by appellant if it had been offered. The significant fact that Ng Loon was sent to appellant's apartment by the inspectors of the state narcotic department for the express purpose of discovering whether he could purchase narcotics from appellant is, however, a circumstance that is most strongly persuasive of the fact that appellant was not free from suspicion.(*People* v. *Makovsky*, 3 Cal. (2d) 366 [44 Pac. (2d) 536]).

As to the argument that the prosecution failed to show that no unusual pressure was placed on appellant to cause him to make the sales, it may be remarked that there is an entire lack of evidence tending to show that any pressure was applied to cause appellant to make the sales. ▮ It is our understanding that the defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is being prosecuted. The invocation of the defense necessarily assumes that the act charged as a public offense was committed. ▮ The record shows that both appellant and his wife testified in his behalf during the trial. Neither of these witnesses

at any time admitted that appellant made the sales or either of them. On the contrary, both denied that any sale was made or that appellant had any narcotics in his possession. There was no intimation that appellant was ever lured or persuaded into making a sale to Ng Loon. The record is bare of any evidence which tends to show that any persuasion or inducement was offered to appellant to make the sales outside the ordinary transaction of purchase and sale between a willing purchaser and a willing seller *(People* v. *Makovsky, supra)*. It is our conclusion that appellant's claim that the evidence established the defense of entrapment is untenable. *(People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823] ; *People* v. *Rucker,* 121 Cal. App. 361 [8 Pac. (2d) 938].)

Appellant contends that the trial court erred in refusing to permit him to examine Ng Loon as to his understanding of an oath. The record shows that this witness for the respondent was sworn and was interrogated on direct examination by the district attorney. When this examination was concluded appellant's counsel inquired of the witness what he meant by raising his hand when the oath was administered and whether it meant anything at all to him. An objection to the inquiry thus propounded was sustained. It is now urged that the understanding of a witness as to the nature and meaning of an oath is a question which directly affects the credibility of the witness and is therefore a proper subject for cross-examination. Respondent contends that the question is one which relates solely to the competency of the witness and that no inquiry having been made by appellant when the witness was sworn and no objection having been presented as to his competency and no suggestion having been made that he did not understand the nature and meaning of an oath at any time during the direct examination, appellant thereby waived the objection and may not now complain of the court's ruling.

It will be assumed for the purposes of this opinion without deciding the question that appellant's contention is correct and that the trial court erred in sustaining respondent's objection to the inquiry whose obvious purpose was to show that the witness did not understand the nature and character of an oath. It will further be assumed that if appellant had been permitted to pursue the line of investigation suggested

by the question to which objection was sustained he would have been able to demonstrate that the witness had no understanding of the meaning of the oath administered to him and that the effect of such showing would have been that the jury would not have been justified in believing any of his testimony. Indulgence in the aforesaid assumptions does not, however, require a holding that the error committed by the trial court necessitates reversal of the judgments. As heretofore indicated, we entertain the opinion that, if the testimony of this witness is eliminated in its entirety, sufficient evidence remains to support the verdicts. Since this is true, it necessarily follows that it is our belief that the ruling of the trial court to which complaint is here made and which we assume was erroneous did not result in a miscarriage of justice. This being the case, the error must be regarded as harmless and one which we are at liberty to disregard under the provisions of section 4½, article VI, of the Constitution of California.

Appellant's final contention is that the trial court erred in permitting the witness Ng Loon, over appellant's objection, to narrate a certain conversation which he testified he had with the appellant by telephone. It is urged that there was not a sufficient preliminary showing of the identity of appellant as the person with whom the witness conversed and that therefore appellant's objection to the inquiry should have been sustained. It will again be assumed, with the express proviso that the matter is not to be regarded as decided, that appellant's contention in this regard is correct and that the court erred in allowing the witness to narrate the conversation. We entertain no hesitancy, however, in declaring that the assumed error should be regarded as harmless. This must necessarily follow from the opinion heretofore expressed regarding the refusal of the trial court to permit the same witness to be examined as to his understanding of the nature and meaning of an oath. It was there assumed that the court erred in its refusal and that the entire testimony of this witness could be eliminated without rendering the verdicts vulnerable to attack on the ground of lack of evidentiary support. Since this is true it follows that, in our opinion, any part of the testimony of this witness may be expunged from the record and yet no miscarriage of justice has re-

sulted. Furthermore, the evidence to which this complaint is directed consisted of an alleged telephone conversation between the witness and appellant wherein the witness testified that he told appellant he wished to buy some opium and cocaine, that appellant said he had the narcotics and that it was agreed between them that the witness should go to appellant's apartment at a specified time. It is obvious that it was entirely unnecessary for the prosecution to prove that an appointment was made for the purpose of a sale of narcotics which appellant allegedly admitted that he had. Appellant was not charged with offering narcotics for sale or with mere possession. He was charged with selling and was convicted of selling. The conversation was immaterial and its reception in evidence, assuming that it was erroneous, was manifestly harmless and, in our opinion, did not result in a miscarriage of justice.

For the reasons stated the judgments and orders from which these appeals have been prosecuted are affirmed.

Marks, Acting P. J., concurred.

Barnard, P. J., being absent, did not participate in this opinion.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1935.

Langdon, J., voted for a hearing.