SWAIN, J.
 

 On April 1, 1943, the defendant was convicted of violating section 41.05 of Ordinance 77000 of the city of Los Angeles (offering.) Her motion for a new trial was denied on April 5, 1943. On the same day the court on its own motion, and over the objection of the defendant, continued the cause to April 15 for hearing on probation and sentence, without a waiver by the defendant of time for sentence. The court thereupon referred the case to the Probation Department for investigation and report. On April 15 the court sentenced the defendant to 180 days in jail, suspended the execution of judgment and sentence, and granted probation for two years on condition that the defendant serve 120 days in jail, leave the State of California within
 
 *Supp. 847
 
 48 hours after her release from jail and remain out of the state during the rest of her period of probation. On that day before sentence was pronounced, the defendant again moved for a new trial on the ground that sentence had not been pronounced within the time prescribed by law (Penal Code, sec. 1449). This motion was denied. The defendant appeals from the order of April 5 denying her motion for a new trial, from the order of April 5 continuing sentence to April 15, from the order of April 15 denying her motion for a new trial, and from the judgment and sentence.
 

 Entrapment.
 
 In her appeal from the judgment on the merits she claims that the trial court erred in refusing to give the instruction, which she requested, on the law of entrapment. No question is raised as to the correctness of the form of the proposed instruction. The only question is whether there is any evidence under which the doctrine of entrapment is applicable. It is undisputed that the complaining witness, police officer Gunn, then in plain clothes, met the defendant in the cocktail lounge of a certain hotel. That Gunn and the defendant went to his room in that hotel where, shortly thereafter, the defendant was arrested by two other police officers. The evidence is conflicting as to who suggested going to Gunn’s room and as to what happened in the room. Gunn testified that, after they reached his room, the defendant demanded and he gave her $50 to have intercourse with him. Defendant denied that there was any talk of intercourse or that Gunn paid her any money. The arresting officers testified to defendant’s state of undress and to finding under her pocketbook the $50, which had previously been marked.
 

 The only evidence as to who suggested sexual intercourse is found in the testimony of Officer Gunn, which is to the effect that the defendant suggested it. If a crime is committed at the suggestion of the defendant, the doctrine of entrapment is not applicable. In
 
 People
 
 v.
 
 Lee
 
 (1935) 9 Cal.App.2d 99, at pages 108-109 [48 P.2d 1003], the court said: “The defense of entrapment is recognized as a valid defense available to a person charged with the commission of a public offense under certain circumstances. The essential and important element which renders the defense available is the fact of inducement. If an officer or someone acting under his direction induces or persuades a person to commit a crime
 
 *Supp. 848
 
 which he would not have committed without such inducement, the law will not punish the person thus lured into commission of the offense. ... It is our understanding that the defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is being prosecuted. The invocation of the defense necessarily assumes that the act charged as a public offense was committed.” The court did not err in refusing to instruct the jury on entrapment, for there was no evidence to support such a defense.
 

 The other grounds which the defendant urges for a reversal are: (1) the prosecution failed to prove that the crime was committed in the city of Los Angeles; (2) the court had no authority to refer the cause to the Probation Department on its own motion, and, therefore, its order continuing sentence to April 15 and the pronouncing of sentence on that, day, which was more than five days after the verdict was returned, was error.
 

 Venue.
 
 There is no direct testimony that the crime was committed in the city of Los Angeles. But direct evidence is not necessary to prove venue; it may be established by inferences from the evidence
 
 (People
 
 v.
 
 Aggie
 
 (1940) 37 Cal.App.2d 110 [98 P.2d 806]). There is an abundance of evidence from which the inference may be drawn that the crime was committed in the city of Los Angeles.
 

 Probation and Sentence.
 
 The appellant contends that in the absence of an application by the defendant for probation, the court has no power to grant probation or to postpone pronouncement of sentence for more than five days after the verdict. She bases this conclusion, in part, on the premise that she is not required to accept probation. The point is of sufficient importance to require a review of the authorities both on appellant’s premise and on her conclusion. In discussing the subject of pardon, the Supreme Court said, in
 
 In re Peterson,
 
 (1939) 14.Cal.2d 82, 84 [92 P.2d 890] : ‘1 It has long been held that consent by the prisoner is a prerequisite to the validity of a conditional pardon because its terms may be more objectionable than the punishment fixed by the sentence.” (P. 85.) “Section 1168 of the Penal Code, which defines the rights and duties of the board, and empowers it to parole prisoners upon such conditions as it may deem proper, does not authorize the board to require the
 
 *Supp. 849
 
 prisoner to accept a parole ordered by it, and . . . the consent of the petitioner is a prerequisite to his release upon parole.” (Section 1168 of the Penal Code was amended in 1941 (Stats, of 1941, chap. 106, sec. 13), and that portion defining the rights and duties of the Board of Prison Terms and Paroles is now found in sections 3020 to 3065 inclusive of the Penal Code.) The same reasoning applies to probation and the rule is the same unless the language of Penal Code, section 1203.1, “The court may impose
 
 and require
 
 any or all of the above mentioned terms ...” (emphasis ours) deprives the defendant of the right to refuse probation. There is nothing in this language which says the defendant must accept probation. The right of a defendant to refuse probation is a necessary safeguard against the possibility that the conditions of probation may be more onerous. than the sentence. The power of the court to impose conditions of probation is very great. For instance, in
 
 People
 
 v.
 
 Blankenship
 
 (1936) 16 Cal.App.2d 606 [61 P.2d 352], it was held that a condition of probation that the defendant submit to a vasectomy was valid. Probation was never intended to be a device for making the punishment more severe than that prescribed by the Legislature. As the court said in
 
 People
 
 v.
 
 Hainline
 
 (1933) 219 Cal. 532, 534 [28 P.2d 16], “Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted.” That the defendant is allowed to refuse probation and serve the original sentence if she deems probation too onerous is borne out by the statement of the court in
 
 People
 
 v.
 
 Blankenship (supra)
 
 (p. 610) : “In conclusion, it may be remarked that appellant was not compelled by the condition which the court imposed to submit to an operation whose effect would be to foreclose him from procreation. He was permitted to elect whether he would comply with the condition and receive the clemency which he asked or decline to submit to the operation and accept the penalty which the law provides as punishment for his offense.” We, therefore, agree with appellant that she does not have to accept probation, but it does not follow from this that the court lacks the power to order a probation investigation on its own motion. On the contrary, it is well settled that a court does have such power.
 
 *Supp. 850
 
 Penal Code, see. 1203;
 
 People
 
 v.
 
 Wilson
 
 (1929) 101 Cal.App. 376 [281 P. 700];
 
 In re Phillips
 
 (1941) 17 Cal.2d 55, 63 [109 P.2d 344]. When the question of probation is being considered, the municipal court has the power to postpone sentence for twenty days (Pen. Code, sec. 1449). This section makes no distinction between cases in which the defendant herself applies for probation and cases in which probation is considered on the court’s own motion. So the court had jurisdiction on April 15 to pronounce judgment and sentence. Doubtless election to serve the sentence rather than accept probation must be timely made or probation will be deemed to have been accepted. In the case at bar, the appellant has, within proper time, exercised her election by a rejection of probation, and she should be imprisoned under her original sentence. The order suspending the execution of sentence and placing the defendant on probation subject to terms should be revoked It therefore becomes unnecessary to decide whether the court had power as a condition of probation to order the defendant to leave the state after her release from jail.
 

 The order of April 5 continuing the cause to April 15 and referring the matter to the probation department is not an appealable order; the attempted appeal therefrom is dismissed.
 

 The judgment and sentence and all orders appealed from, other than said order of April 5, are affirmed, with directions that the order suspending execution of judgment and sentence and granting probation be revoked.
 

 Pox, Acting P. J., and Kincaid, J., concurred.