[Crim. No. 2638. First Dist., Div. Two. Sept. 22, 1950.]

THE PEOPLE, Respondent, v. SAMUEL LOUIS JOHNSON, Appellant.

560

Samuel Louis Johnson, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

GOODELL, J.—This is an appeal from a judgment of conviction entered on a verdict, and from an order denying a new trial.

By an amended information appellant was accused of the sale of marijuana (Health & Saf. Code, § 11500) to which charge he pleaded not guilty.

Appellant was represented on his arraignment and throughout the trial by an assistant public defender, but filed this appeal in propria persona and prosecutes it without the aid of counsel.

On July 14, 1949, between 9 and 10 p. m., Officer Finis of the San Francisco Police Department's Bureau of Special Services, or "Vice Squad," dressed in plain clothes, while standing in the doorway of a poolroom in San Francisco, was spoken to by appellant who, according to the officer's testimony, asked him if he was "straight." This expression, according to the testimony of another witness means colloquially " 'Have you some narcotics,' or 'do you want some,' it is

used interchangeably. That is an opening statement to the prospective customer or to someone you would like to buy from . . .'' The officer replied that he wanted a can of marijuana cigarettes, not just a few, as he was a merchant marine and had a chance to make some money with them on the ship; appellant responded that ''he might be able to fix me up'' and that the can would cost $20 but he would have to go and get it; they ''argued about the price and finally rather than go off, I agreed to take six marijuana cigarettes for $5 . . . He sold me the cigarettes in the men's toilet in the back of the pool room.'' A $5.00 bill was paid by the officer, with no third person present. The officer testified that he took the cigarettes and left, agreeing to meet appellant the following day at 1:15 or 1:30, at which time appellant said he could procure the can of marijuana. The officer testified that at the appointed time the next day appellant failed to show up.

The six cigarettes were analyzed and identified as marijuana.

The officer next saw appellant on the evening of July 18 at the same poolroom. Again the officer was alone and in plain clothes but Inspector Noel of the State Narcotics Department was waiting down the street. On this occasion appellant said he could still get the can of marijuana and that it would cost $20. The officer then said, ''I don't have enough to make a $20 purchase, but my partner is out on the street on the corner waiting and perhaps we can pool our money to buy enough.'' Officer Finis and appellant then joined Inspector Noel on the street and appellant told them he would have to go to Third Street to get the stuff. As appellant hailed a taxicab the two officers placed him under arrest for selling narcotics. They searched him but found no marijuana. Inspector Noel testified that appellant said ''Can you give me a break'' to which he replied ''Give you a break, what for—for selling marijuana? . . . why did you sell marijuana to this San Francisco Police Officer previously?'' to which appellant replied ''Well, he was a colored man and I was a colored man and I was just trying to do him a favor.''

Appellant denied seeing Officer Finis on the 14th or ever in his life before the 18th, and denied making the sale, but admitted seeing the officer on the 18th in the poolroom. He denied having discussed with Officer Finis the matter of marijuana claimed to have been sold four days before, or the arrangement for the proposed sale of a can of marijuana. He

denied having been in the poolroom prior to July 18, and denied having hailed a taxicab.

Appellant's principal contention is that entrapment was resorted to and that an instruction defining it should have been given. He cites 19 California cases dealing with entrapment. This is not understandable since an examination of them shows that in each of them no entrapment was proved, and the judgment of conviction was affirmed. The language which he quotes from these cases, defining entrapment and showing how it operates, is orthodox and unimpeachable but it in no way helps him.

No foundation was laid for this defense since appellant flatly denied that he had made the sale on July 14, or at all, and denied that he had ever met Officer Finis prior to July 18, the day of his arrest. His position is similar to that of the appellant in the case of *People* v. *Lee,* 9 Cal.App.2d 99 [48 P.2d 1003], where Lee denied that any sale was made or that he had any narcotics in his possession, but still argued entrapment. At pages 109-110 the court there said: ''It is our understanding that the defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is being prosecuted. *The invocation of the defense necessarily assumes that the act charged as a public offense was committed.*'' (Emphasis added.)

*People* v. *Lee* is followed in *People* v. *Grijalva,* 48 Cal. App.2d 690, 694 [121 P.2d 32], in *People* v. *Billingsley,* 59 Cal.App.2d Supp. 845, 847-8 [139 P.2d 362], in *People* v. *Gelardi,* 77 Cal.App.2d 467, 477 [175 P.2d 855], and in *People* v. *Carlton,* 83 Cal.App.2d 475, 477 [189 P.2d 299]. All five cases are among those cited by appellant.

In *People* v. *Billingsley, supra,* 59 Cal.App.2d Supp. 845, 847, it is said, ''If a crime is committed at the suggestion of the defendant, the doctrine of entrapment is not applicable.'' Officer Finis testified that on July 14th appellant, opened the conversation with the inquiry ''Are you straight?'' an expression having a definite meaning in the trade. Appellant's testimony that he never met the officer until the 18th, and made no sale to him, raises a conflict, but the jury resolved this against the defendant as they did in the Billingsley case.

There was no evidence in the record which would have justified an entrapment instruction. The subject had apparently been brought up in argument and the court instructed the jury that ''The doctrine of entrapment which has been

referred to by counsel has no applicability to the facts in the case before you.'' It was proper to thus remove this false issue from the jury's consideration. There is no merit in appellant's claim of entrapment.

Appellant's next contention is that the verdict is not sustained by the evidence. In this connection he points out that there was no corroboration of the testimony of Officer Finis. It is true there was none respecting the sale itself since it was conducted in a small room with nobody present other than the officer and appellant, according to the testimony. To prove certain offenses the testimony of more than one witness is required (see, for example, Pen. Code, §§ 653f, 1103, 1103a), but the sale of narcotics is not one of them. The uncorroborated testimony of the officer, if believed—as it was, according to the verdict—was sufficient.

Appellant argues that he would not have been convicted without the testimony of Inspector Noel. The inspector's testimony was confined to the happenings on the 18th, four days after the sale. He testified to meeting appellant with Officer Finis; walking with them; the discussion about going to Third Street for the stuff; the arrest and search, and the conversation after the arrest. Appellant's reply to his question as to why he had made the sale previously, that he wanted to do a favor was an admission which lent some corroboration to the testimony of Officer Finis that the $5.00 sale had been made.

All of Inspector Noel's testimony went in without objection; appellant was represented at the time by counsel and he cannot now urge error in its admittance.

Appellant quotes from several cases where judgments of conviction were reversed notwithstanding no objections were made at the trial. Among them is *People* v. *Gordon*, 88 Cal. 422 [26 P. 502], but appellant's quotation is not to be found therein. The reversal there was because of erroneous instructions wherein the judge charged the jury on the facts. In *People* v. *Wynn*, 44 Cal.App.2d 723, 732 [112 P.2d 979], cited by appellant, it is true the judgment of conviction was reversed for misconduct of the district attorney to which the defendant had made no objection, but that was a close case where the juries had disagreed in two earlier trials. Likewise, *People* v. *Ford*, 89 Cal.App.2d 467, 471 [200 P.2d 867], cited by appellant, was a close case in which there was a serious question whether the confession had been voluntary, and there was but

slight circumstantial evidence in addition to the questionable confession. In that case the briefs on appeal did not even raise the point of the district attorney's misconduct but the court held it to have been too flagrant to be overlooked on appeal. The instant case is not at all closely balanced hence these three cases, and others cited by appellant dealing with misconduct of a district attorney, are not in point.

The offense charged was the sale of the six cigarettes for $5.00 on July 14. Accordingly appellant argues that the testimony of Inspector Noel as to the sidewalk conversation four days later was highly prejudicial particularly in view of the fact that appellant was then virtually in custody although he was technically arrested later. Not only was no objection made to the admissibility of this testimony, but defendant did not contradict it.

No satisfactory reason has been advanced to show that the evidence is insufficient to sustain the judgment of conviction. The sale of the six cigarettes was shown by the testimony of Officer Finis; his uncorroborated testimony was sufficient, under the law, to prove the case. It was believed by the jury as indicated by the verdict. Although not requiring corroboration, it was corroborated in certain respects by the testimony of Inspector Noel. There is no merit in the appeal.

The judgment and order appealed from are affirmed.

Nourse, P. J., and Dooling, J., concurred.