[Crim. No. 3190.   First Dist., Div. Two.   June 19, 1956.]

THE PEOPLE, Respondent, v. PHILLIP G. TILLMAN, Appellant.

Philip Knox, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, John S. McInerny, Deputy Attorney General, J. Frank Coakley, District Attorney (Alameda County), and Robert L. Anderson, Deputy District Attorney, for Respondent.

THE COURT.—Appellant was found guilty by a jury on two counts of selling narcotics, marihuana (Health & Saf. Code, § 11500), and was sentenced to San Quentin, the sentences to run concurrently. He had admitted a prior conviction charged (violation of Veh. Code, § 503), for which he had received probation. His appeal is based on insufficiency of the evidence to sustain the verdict and failure to instruct on entrapment. We have concluded that both grievances are wholly devoid of merit.

The main evidence of the prosecution was the testimony of Officer Brooks of the Oakland Police Department, who testified in substance that being on duty in plain clothes as a member of the Vice Detail, Special Service Bureau, he at approximately 1:30 a. m. on April 7, 1955 asked defendant in the Bamboo Club in Oakland whether he could make a buy, get some stuff, three sticks, and that for two dollars

defendant sold and delivered to him three cigarettes, which were stipulated to have proved to consist of marihuana, and that again at 11:30 p. m. of the same day (the following evening), he and defendant repeated the transaction. The next evening (April 8th) they talked again about a transaction in marihuana but they did not come to an agreement.

Defendant, testifying in his own defense, denied that he had any such transaction with Officer Brooks and stated that shortly before April 7th he had been told that Brooks was a police officer. He testified that he had had a conversation with Brooks on April 8th only, in which he denied all knowledge of obtaining marihuana. The defense witness Sutton testified that early in April, 1955, when defendant and witness were both in the Bamboo Club, somebody said that Brooks, who was coming to the club, was an informer.

The above shows sufficient though conflicting evidence, the conflict having been resolved by the jury against defendant. ■ His contention that the evidence of Brooks must be rejected as inherently incredible, because Brooks was known as a police officer or an informer and because of the direct manner in which the illegal transactions had been concluded according to his testimony is answered by the following quotation from *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]: ''Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category [citation]. ■ To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] ■ Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citations.]'' Moreover, no ground for suspicion is here presented if we do not, with appellant, incorrectly accept as true the testimony that Brooks was known as a police officer or informer, which testimony was evidently disbelieved by the jury.

■ No instruction on entrapment was required because the defense of entrapment was not an issue in the case.

■ "[T]he defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial (citation).
■ To invoke the defense it must necessarily be assumed that the act charged as a public offense was committed" (*People* v. *Schwartz*, 109 Cal.App.2d 450, 455 [240 P.2d 1024]). In the instant case appellant took the stand and expressly testified that the acts charged had not been committed. Accordingly no reference to entrapment or request to instruct on it appears in the record.

Judgment affirmed.