[Crim. No. 4121. First Dist., Div. Three. Mar. 4, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. NOEL LAWRENCE ADAMS, Defendant and Appellant.

538

C. Victor Hess, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, Robert R. Granucci and John F. Foran, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was first indicted for a violation of Health and Safety Code section 11501. The indictment was in two counts—the first charged a sale of narcotics, and the second charged an offer to sell or furnish narcotics. The defendant was also charged with two prior felony convictions, one for burglary and the other for possession of narcotics. Later, the defendant was indicted for a violation of Penal Code section 12021, possession of a firearm by one previously convicted of a felony. The defendant pleaded not guilty. It was stipulated that the charges in the two indictments would be consolidated for trial. At trial, the defendant admitted his prior felony convictions. The evidence established these facts:

An undercover operator for the State Narcotics Bureau, in cooperation with the San Francisco Police Department, made four separate contacts with the defendant. On each occasion, before starting out to contact defendant, the operator was carefully searched for narcotics and none were found. The operator was given money to pay for any narcotics he might obtain. The operator had a radio transmitter on his person or installed in his automobile. On each occasion also the police followed the operator, kept him constantly in view, saw the defendant in the operator's presence, and also overheard the various conversations between the operator and defendant. After the first contact, the operator returned with narcotics and without money. On the second contact the operator returned with narcotics also. On the third contact, the defendant was overheard to say, "Do you have my gun?" The operator gave the defendant the gun, and some time after they parted, the defendant was arrested with the gun in his possession. At the fourth meeting the defendant left the car and attempted to contact his source of supply at a nearby house, but was unsuccessful. When he returned to the operator's car he said: "That guy that has got the stuff has gone some place.

I can't locate him. The man moved the whole thing.'' There was further conversation between the defendant and the operator concerning the quantity "the man" had, after which they parted.

At trial the officers testified in detail as to their methods and procedure in this case, and related the various conversations between the defendant and the operator, and introduced the narcotics in evidence. The defendant was found guilty on all counts in the indictment.

The defendant makes numerous contentions on this appeal, none of which has any merit. It is first argued that the prosecuting attorney was guilty of misconduct because in the argument he referred to defendant's 1948 conviction for possession of narcotics as a felony. Defendant argues it was a misdemeanor. There is nothing in the record here to show what punishment was imposed by the court. The defendant must therefore be deemed to have been convicted of a felony, because since the offense was one punishable by imprisonment in the state prison or county jail (Health & Saf. Code, § 11712) it was a felony and remained so unless and until defendant was sentenced to a term in the county jail. (*People* v. *Banks,* 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Ford,* 81 Cal.App.2d 580 [184 P.2d 524]; *People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692]; *People* v. *Ramsey,* 202 Cal.App.2d 856 [21 Cal.Rptr. 406].)

Moreover, when defendant was confronted with his prior convictions he readily admitted them from the witness stand. No objection was made by counsel to any question about defendant's prior record, and no objection was made to any comment thereon by the prosecuting attorney in his argument to the jury. When the evidence of guilt is strong, as it was here, and appellant does not object to any remarks made during the course of argument and where no request for admonition to the jury is made, prejudicial error is not deemed to have occurred (*People* v. *Adams,* 182 Cal.App.2d 27 [5 Cal.Rptr. 795]; *People* v. *Skipper,* 190 Cal.App.2d 206 [11 Cal.Rptr. 681]; *People* v. *Ramirez,* 143 Cal.App.2d 554 [300 P.2d 106]; *People* v. *Crozier,* 119 Cal.App.2d 204 [258 P.2d 1029]; *People* v. *Tabb,* 137 Cal.App.2d 167 [289 P.2d 858]).

 There was no error, therefore, in referring to defendant's prior conviction for a violation of Health and Safety Code section 11500 as a felony.

 The undercover operator did not testify at trial, and

defendant contends he was denied the right to confront an adverse witness. On demand, the prosecutor revealed the identity of the operator to defendant, and offered to consent to a continuance so that defendant might question him. The defendant did not insist on a continuance and in fact consented that the trial proceed. There was no evidence that the prosecutor had concealed the operator, or encouraged him to disappear, or had done anything except fail to subpoena him as a witness. We find no denial of any right of the defendant here. (*People* v. *Sauceda,* 199 Cal.App.2d 47 [18 Cal.Rptr. 452] ; *People* v. *Rodriguez,* 202 Cal.App.2d 191 [20 Cal.Rptr. 556] ; *People* v. *Mays,* 174 Cal.App.2d 465 [344 P.2d 840].)

Defendant complains that the court did not give an instruction on entrapment. ▮▮ The defendant, however, denied the offenses charged, and it is the established rule that in order to invoke the defense of entrapment, it must necessarily be assumed that the acts charged were committed. (*People* v. *Tillman,* 142 Cal.App.2d 404 [298 P.2d 631].) Here the defendant did not assert this defense in his testimony. ▮ Entrapment is an affirmative defense, and if a defendant wishes to rely upon it he must sustain the burden of proving it. (*People* v. *Tillman, supra,* 142 Cal.App.2d 404.) ▮ Here defendant made no effort at trial to establish this defense, and the trial court properly omitted any instruction to the jury on this subject. (*People* v. *Rivers,* 188 Cal.App. 2d 189 [10 Cal.Rptr. 309].)

There is nothing in the record to support defendant's claim that the court should have given the jury an instruction on the subject of a "joint purchase" of narcotics by the defendant and the undercover operator. No such defense was suggested at trial. Defendant's counsel offered no such instruction, and no authority is cited to us to show that such a defense would be available to defendant under the evidence in this case.

▮ The jury deliberated 35 minutes before finding the defendant guilty. The defendant argues this was inadequate to give mature deliberation upon the issues presented. Defendant's entire defense rested upon his own testimony. His story of the events involving his contacts with the undercover operator differed greatly from the account given by the various police officers who witnessed the contacts and overheard the conversations between defendant and the operator. When the evidence was all in the jury had to decide whether to believe the defendant's story or the account of the officers who wit-

nessed the events. The verdict demonstrates that the jury accepted the statements of the officers, supported by the physical evidence and other testimony. From our examination of the record it is clear to us that the jury in its deliberations did not neglect any of the issues in the case, because there is an abundance of evidence, a portion of which has been referred to in the brief statement of the facts herein, which points unerringly to the guilt of the defendant.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1963.