[Crim. No. 2067.   Fourth Dist.   Mar. 1, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND HERRERA, Defendant and Appellant.

Tony Geram, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—The defendant Raymond Herrera appeals from a judgment of conviction by a jury of selling heroin February 26, 1963 (Health & Saf. Code, § 11501). He was committed to the Narcotic Rehabilitation Center at Chino under Penal Code, section 6451. When he was later rejected by the Rehabilitation Center, criminal proceedings were reinstated and he was sentenced to prison, the sentence to run concurrently with that in a companion case, this day decided on appeal, *ante*, p. 558 [43 Cal.Rptr. 12].

Narcotics Agent Primo Orosco and informer Herbert Nunez met defendant, Harvey Chavez and Benny Padillo in Chino February 26, 1963. Nunez asked if they had "anything." Chavez replied, "Three grams. How much do you want?" They discussed price; defendant said "Give it to him for a hundred." Defendant and his colleagues left, returning in about 15 minutes. Someone inquired if they could change a twenty; defendant stated "We don't have any money at all." Orosco then asked for two grams for $66 and Padillo gave him two balloons containing heroin. About 11 weeks later a conversation between defendant, Orosco and police officers was taped; it was admitted into evidence. Defendant did not take the witness stand.

█ Defendant contends the trial court erred in sustaining objections to questions put to Padillo by defense counsel which would have established a defense of entrapment. Entrapment presupposes the admission by defendant of the crime charged (*People* v. *Sherman,* 211 Cal.App.2d 419, 426 [27 Cal.Rptr. 353]; *People* v. *Tillman,* 142 Cal.App.2d 404, 407 [298 P.2d 631]; *People* v. *Spencer,* 193 Cal.App.2d 13, 18 [13 Cal.Rptr. 881]; *People* v. *Lee,* 9 Cal.App.2d 99, 109 [48 P.2d 1003]; *People* v. *Adams,* 213 Cal.App.2d 536, 540 [29 Cal.Rptr. 57]; *People* v. *Polsalski,* 181 Cal.App.2d 795, 801 [5 Cal.Rptr. 762]; *People* v. *Johnson,* 99 Cal.App.2d 559, 562 [222 P.2d 58]; but cf. *People* v. *West,* 139 Cal.App.2d Supp. 923 [293 P.2d 166]). The court did not err, the defendant not having admitted the charge. Nevertheless, Padillo testified to facts

which would have indicated entrapment, and any claimed error was cured.

The court commented upon the credibility of Padillo, inferring that he had committed perjury. Padillo's testimony contained many conflicts, inconsistencies and improbabilities. The court did not commit prejudicial error. It was within the scope of the trial judge's power to comment. (Cal. Const. art. VI, § 19; Pen. Code, §§ 1093, subd. 6, and 1127; *People v. Scott*, 53 Cal.2d 558, 564 [2 Cal.Rptr. 274, 348 P.2d 882].)

The admission into evidence of the taped conversation was not prejudicial. It contained neither admissions nor confessions. Rather, it contained a series of denials of participation by the defendant. Assuming, however, that defendant implicated himself by admissions, as he contends (*People v. Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]), we are of the opinion there was no miscarriage of justice. Our review of the entire cause, including the evidence, leads us to the conclusion that no prejudicial error resulted from the court's ruling, or that it is not reasonably probable that a result more favorable to the defendant would have been reached in the absence of the claimed error. (Cal. Const. art. VI, § 4½; *People v. Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

Next defendant claims reversible error for failure of the People to produce Nunez as a witness. There was no obligation on the part of the People to produce Nunez, as long as material evidence was fairly presented. (*People v. Kiihoa*, 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]; *People v. Galvan*, 208 Cal.App.2d 443, 450 [25 Cal.Rptr. 128]; *People v. Honable*, 229 Cal.App.2d 480, 483 [40 Cal.Rptr. 414].) The record in this case shows that neither side knew the whereabouts of Nunez, and does not show that the People sought to suppress his testimony or bring about his absence or disappearance.

Lastly, defendant contends he was placed twice in jeopardy, that he received a double sentence, first his commitment to and rejection by the Narcotic Rehabilitation Center, followed by his sentence to prison.

Penal Code, section 6453 provides that if a person is found to be an unfit subject for confinement at the Rehabilitation Center he shall be returned to the court for further proceedings. There is no showing here that the Rehabilitation Center abused its authority in returning defendant to the trial court,

nor was defendant twice placed in jeopardy for the same offense.

The judgment is affirmed.

Coughlin, Acting P. J., and Finley, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.