[Crim. No. 2043.    Fourth Dist.    Mar. 1, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND HERRERA, Defendant and Appellant.

Tony Geram, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant Raymond Herrera appeals from a judgment of conviction by a jury of selling heroin on February 27, 1963 (Health & Saf. Code, § 11501). In a separate but related case, 4 Crim. No. 2067, defendant was convicted of selling heroin February 26, 1963. Both sales were made to the same narcotic agent, Primo Orosco; in each instance the agent was accompanied by Herbert Nunez, a narcotic user turned an informer. After commitment to the Narcotic Rehabilitation Center at Chino, the criminal proceedings were reinstated, and in each case Herrera was sentenced to state prison, the sentences running concurrently with each other.

In response to inquiry defendant told Orosco where he could buy an ounce of heroin. In the company of Nunez, they went to the location. Orosco complained about the high price, but defendant replied that $40 a gram was the normal price in Chino. Another car parked nearby; defendant talked with its driver, then told Orosco the driver had narcotics and wanted the money. Orosco gave defendant $300 which defendant took to the other driver and returned with a package of heroin. Defendant took a pinch of it for his troubles. About 11 weeks later a conversation between defendant, Orosco and others was taped; it was admitted into evidence.

Defendant claims error of the court in refusing to allow him to testify about statements made to him by Nunez, which would have indicated he was entrapped into committing the offense. Defendant denied any knowledge of or part in the transaction with which he was charged. The trial court's ruling was not improper since entrapment is not available as a defense unless the crime is admitted. (*People v. Tillman,* 142 Cal.App.2d 404, 407 [298 P.2d 631] ; *People v. Spencer,* 193 Cal.App.2d 13, 18 [13 Cal.Rptr. 881] ; *People v. Sherman,* 211 Cal.App.2d 419, 426 [27 Cal.Rptr. 353] ; *People v. Lee,* 9 Cal.App.2d 99, 109 [48 P.2d 1003] ; *People v. Adams,* 213 Cal.App.2d 536, 540 [29 Cal.Rptr. 57] ; *People v. Polsalski,* 181 Cal.App.2d 795, 801 [5 Cal.Rptr. 762] ; *People v. Johnson,* 99 Cal.App.2d 559, 562 [222 P.2d 58] ; but cf. *People v. West,* 139 Cal.App.2d Supp. 923 [293 P.2d 166].)

Next defendant claims prejudicial error in the introduction into evidence of the taped conversation without having

been advised of his rights to counsel and to remain silent. (*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].) There was nothing in this conversation which constituted an admission or which prejudiced defendant's case. Indeed, defendant's statements denied his involvement. Defendant's explanation of others who handled the transaction made irrelevant his admission of taking a pinch of heroin. Even if it be assumed, as argued by defendant, that he made incriminating statements of involvement in two sales, our review of the entire case, including the evidence, leads us to conclude that no prejudicial error resulted from the court's ruling, or that it is not reasonably probable that a result more favorable to the defendant would have been reached in the absence of the claimed error. We cannot conclude there was a miscarriage of justice. (Cal. Const. art. VI, § 4-½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

Defendant claims error in the People's failure to produce Nunez as a witness. Neither the People nor the defense knew the whereabouts of Nunez. There is no showing in the record that the People brought about the absence or disappearance of Nunez, or sought to suppress his testimony. ■ The People were not obliged to produce all the witnesses to a crime as long as the material evidence was fairly presented. (*People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]; *People* v. *Galvan,* 208 Cal.App.2d 443, 450 [25 Cal. Rptr. 128]; *People* v. *Honable,* 229 Cal.App.2d 480, 483 [40 Cal.Rptr. 414].)

■ Lastly, defendant claims double jeopardy in having been committed to the Narcotic Rehabilitation Center under Penal Code, section 6451. In this instance criminal proceedings were suspended and the commitment was made. Later the criminal proceedings were reinstated and sentencing took place. This was not double jeopardy. Defendant was not twice put on trial for the same offense. In addition, his time while committed was credited to the sentence (Pen. Code, § 6520).

The judgment is affirmed.

Coughlin, Acting P. J., and Finley, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.