[Crim. No. 10097. Second Dist., Div. Four. June 7, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT BERNARD MARSDEN, Defendant and Appellant.

Patrick Kerrigan, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mitchell Shapiro, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of Health and Safety Code, section 11531 (sale, furnishing or giving away a narcotic). Three prior felonies (none involving narcotic offenses, and the latest about nine years previously) were charged and admitted. After a jury trial, defendant was found guilty as charged. Application for probation was waived, no motion for new trial was made; defendant was sentenced to prison for the term prescribed by law, the sentence to run concurrently with time owed on his prior felonies. He has appealed from the judgment.

The sole evidence against defendant was that of an undercover police officer who testified that he was introduced to defendant by an informer named "Mickey." After the introduction, on several occasions, the officer sought to buy narcotics from defendant, but was rebuffed, defendant saying that "he did not have any." On the final occasion, the officer sought out defendant in a bar and again asked for marijuana, saying that he had a date with a new girl friend and wanted some marijuana to use with her. Thus importuned, defendant went to his car and returned with a single, hand-rolled marijuana cigarette (worth 50 cents) and gave it to the officer.

Defendant testified, telling substantially the same story as the officer, but claiming that he had, on this as on the previous occasions, rejected the officer's request and left the bar without further contact.

I

Defendant's contention that the evidence is not sufficient to support the conviction is clearly without merit. It is true that the officer's testimony on direct and on cross-examination contained some inconsistencies. But these, at the most, went

only to the weight of his testimony—a matter on which the jury's determination is conclusive.

## II

 Defendant contends, also, that the sentence prescribed by statute (five years to life without possibility of parole for three years), imposed for the gift of a single marijuana cigarette by a person not shown to have had any other involvement with the narcotic traffic and in a case in which, as we discuss later, elements of entrapment were present, is so excessive as to constitute "cruel and unusual" punishment within the ban of the state and federal Constitutions.

The penalty herein involved was enacted as part of a comprehensive reexamination of the narcotic laws of this state in 1961. The penalty, as against the background of this particular case, may seem harsh; but the Legislature necessarily deals with criminal activity by classes and not by cases, and we cannot say that the statutory penalty is excessive for the offense of dealing in marijuana as a class of crimes.

## III

Defendant urges, as his main point, that the evidence showed the existence of the defense of entrapment and that the court erred in not instructing on that issue.

 The defense of entrapment has been stated as follows: "The defense of entrapment is available where the crime was not contemplated by the defendant, but was actually planned and instigated by police officers, and the defendant was by persuasion or fraud lured into its commission." (1 Witkin, Cal. Crimes (1963) § 174, p. 165.)

The cases in this and other jurisdictions draw a distinction between situations where the idea of the crime originated with the police officer and those where, although the opportunity to commit the particular offense originated with the officer, the defendant stood ready and willing to commit similar offenses when, as and if an opportunity arose. Normally, the cases place emphasis on the presence or existence of unusual inducement or persuasion on the part of the officer. (See the cases cited in 1 Witkin, Cal. Crimes (1963) § 176, pp. 168-169.)

 Tested by these rules, we conclude that the evidence in this case was such as to permit the jury, properly instructed, to find that this defendant was the victim of entrapment. The People's own evidence discloses all of the classic elements of an entrapment: An original contact initiated solely by the police; repeated, and unsuccessful, attempts to consummate

a sale by the use of ordinary methods of offers to purchase; a final appeal to friendship with a story of special urgency; a consummation effected only as a result of such abnormal pressure. In addition, the whole operation resulted in a gift, and not a sale, of a single item of narcotic, rather than a sale in commercial quantities. While these factors may not show entrapment as a matter of law, they were sufficient to permit the jury to find that the ultimate gift was the result of a concept originating with the officer and not with the defendant and that, in the words of Mr. Chief Justice Warren, the officer was engaged in the "manufacturing of crime" rather than in the apprehension of a criminal. (See *Sherman* v. *United States* (1958) 356 U.S. 369 [78 S.Ct. 819, 2 L.Ed.2d 848].)

However, the Attorney General argues: (1) that no request for such an instruction was made; and (2) that defendant was barred from relying on the defense in a case where he had denied committing the offense at all.

Neither contention is valid. The Attorney General refers us to the case of *People* v. *Lee* (1935) 9 Cal.App.2d 99 [48 P.2d 1003]. In that case, although the actual holding was that the evidence was not sufficient to raise an issue of entrapment, the court, by way of dicta, announced the rule that entrapment could be urged only when the defendant admitted the offense. That dicta was followed by similar dicta in a long line of cases extending over twenty years;[1] and by square holdings to that effect in two cases, one from this district (*People* v. *Benson* (1962) 206 Cal.App.2d 519, 532 [23 Cal. Rptr. 908]; *People* v. *Herrera* (1965) 232 Cal.App.2d 558, 559 [43 Cal.Rptr. 12]). It was not until after this case was tried, and in fact after it was argued here, that this doctrine

---

[1]*People* v. *Braddock* (1953) 41 Cal.2d 794, 803 [264 P.2d 521]; *People* v. *Scott* (1960) 186 Cal.App.2d 661, 668 [9 Cal.Rptr. 75]; *People* v. *Polsalski* (1960) 181 Cal.App.2d 795, 801 [5 Cal.Rptr. 762]; *People* v. *Lollis* (1960) 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420]; *People* v. *Tillman* (1956) 142 Cal.App.2d 404, 407 [298 P.2d 621]; *People* v. *Cummings* (1956) 141 Cal.App.2d 193, 200-202 [296 P.2d 610]; *People* v. *Schwartz* (1952) 109 Cal.App.2d 450 [240 P.2d 1024]; *People* v. *Johnson* (1950) 99 Cal.App.2d 559 [222 P.2d 58]; *People* v. *Lindsey* (1949) 91 Cal.App.2d 914, 918 [205 P.2d 1114]; *People* v. *Gelardi* (1946) 77 Cal.App.2d 467, 477 [175 P.2d 855]; *People* v. *Billingsley* (1943) 59 Cal.App.2d Supp. 845, 847-848 [139 P.2d 362]; *People* v. *Grijalva* (1941) 48 Cal.App.2d 690, 694 [121 P.2d 32].

In *People* v. *Diaz* (1962) 206 Cal.App.2d 651, 671 [24 Cal.Rptr. 367], where the *Lee* case is also cited, the trial court had instructed on the defense; the contention, rejected on appeal, was that the evidence showed entrapment as a matter of law; the present issue was not before the court. In *People* v. *Herrera* (1965) 232 Cal.2d 561 [43 Cal.Rptr. 14], the evidence was admitted but the jury convicted.

800

was rejected by the Supreme Court (*People* v. *Perez*, 62 Cal.2d 769 [44 Cal.Rptr. 326, 401 P.2d 934], decided May 21, 1965). ▪ In the then state of the decisions in this state, a request for an entrapment instruction would have been futile, and the failure to request one is not now fatal. (*People* v. *Kitchens* (1956) 46 Cal.2d 260 [294 P.2d 17].)

▪ But the doctrine of *People* v. *Lee, supra,* 9 Cal.App. 2d 99, long a subject of attack in this state (see 1 Witkin, California Crimes, § 177, pp. 169-170; 30 So. Cal. L. Rev. 542, 544-545), has now been rejected in *People* v. *Perez, supra,* 62 Cal.2d 769, and defendant is entitled to have the possibility of entrapment explored under proper instructions.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.