[Crim. No. 3086. First Dist., Div. Two. July 6, 1955.]

THE PEOPLE, Respondent, v. FRED BROOKSHER et al., Defendants; MARY HUMPHREY et al., Appellants.

Mark C. Cali and Henry Mariani for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, N. J. Menard, District Attorney (Santa Clara), and John Schatz, Jr., Deputy District Attorney, for Respondent.

NOURSE, P. J.—The five defendants were charged in one information with pandering (Pen. Code, § 266i, added by Stats. 1953, ch. 32, § 4), and conspiring to contribute to the delinquency of a girl of 14 years. Defendants Duarte and Brooksher were both charged with statutory rape. All defendants were tried jointly to a jury. Separate verdicts were returned. Brooksher pleaded guilty on the charge of rape and on the charge of pandering not guilty. He was found guilty on the conspiracy charge. Duarte was found guilty of rape. He and the remaining defendants were all found guilty of both pandering and contributing to the minor's delinquency. (Welf. & Inst. Code, § 702.) Defendants Humphrey and Ferreira alone have appealed.

Defendant Humphrey, referred to in the testimony as "Babe," and Ferreira were living together in adultery while she was either practicing prostitution or engaged in procuring for the benefit of others. They were introduced to the prosecutrix by Brooksher who gave "Babe" $25 with which she took the prosecutrix to an out of town store and purchased for her a complete outfit of underclothes and a dress. On this occasion "Babe" gave the young girl pertinent advice

as to how she could best carry on the trade as a prostitute. The testimony of the prosecutrix as to the interest and the activities of these two appealing defendants was clear and directly to the issues. Neither one of these defendants took the stand as witnesses, and neither one offered any competent evidence in their defense. The case, therefore, as it comes to us, is one where the verdict is supported by competent substantial evidence.

The first ground urged by these appellants is that the trial court erred in permitting a police witness to testify as to matters he had learned from a microphone installed in the Pagliaro home. The testimony was not detrimental to these appellants. It concerned matters relating to another distinct crime in which the police thought that Pagliaro was involved. The recordings were so incomplete and unintelligible that the trial court refused to admit them in evidence and instructed the jury to disregard them. ■ The witness was permitted to give some conclusions based partly on these recordings—but not in any sense detrimental to, or involving these appealing defendants. Possibly for that reason neither of these defendants objected to the testimony. In any event, having failed to object, they cannot claim error for the first time on appeal. (*People* v. *Millum*, 42 Cal.2d 524, 526 [267 P.2d 1039]; *People* v. *Dessauer*, 38 Cal.2d 547, 552 [241 P.2d 238]; *People* v. *McMonigle*, 29 Cal.2d 730, 743 [177 P.2d 745].) The rule of these cases has not been changed by the recent decisions in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905] and *People* v. *Berger*, 44 Cal.2d 459 [282 P.2d 509]. In those cases timely objection was made to the admission of the evidence allegedly obtained illegally. Here no such objection was made. The rule of the Millum and similar cases is fully established and followed in the United States courts. See *Segurola* v. *United States*, 275 U.S. 106, 112 [48 S.Ct. 77, 72 L.Ed. 186, 190].

■ The second ground urged is that the district attorney was guilty of misconduct in his closing argument to the jury—particularly in his reference to all the defendants as "wolves." The expression referred to and was applicable to all defendants—to those who had engaged the 14-year-old girl in intercourse, and to those who were advising her how to become a common prostitute.

■ Objection is also made to the remarks of the district attorney as to what the big brothers of the girl might do to the defendants. The remark was invited by the argument of

defense counsel. But, in any event, these defendants did not object to the remarks and cannot claim error at this time. (*People* v. *Sampsell,* 34 Cal.2d 757, 763 [214 P.2d 813] ; *People* v. *Sutic,* 41 Cal.2d 483, 496 [261 P.2d 241].)

■ Reference is made to the statement of the district attorney commenting on defendants' failure to testify. He said : ''That is the strongest confession.'' The statement obviously was error and the trial court immediately instructed the jury that such silence was not a confession. In the formal instructions the trial court again referred to this subject and advised the jury that defendants had a constitutional right not to testify and that no presumption or inference of guilt could be drawn from their failure to do so alone.

Other criticisms of the instructions are inconsequential and do not require special treatment. Reading the whole charge to the jury we are satisfied that the instructions covered all essential elements of the crimes charged. The defendants were fairly tried and convicted and no other verdict could have followed the uncontroverted evidence of their guilt.

The judgments and the orders are affirmed.

Kaufman, J., concurred.

DOOLING, J.—I dissent from the portion of the opinion which states that the testimony of the officer as to what he heard on the microphone was ''not in any sense detrimental to, or involving these appealing defendants.'' Statements of both were testified to by the officer which reasonably would bear the construction that they were parties to a scheme to use the girl for prostitution.