[Crim. No. 5774. In Bank. Feb. 24, 1956.]

THE PEOPLE, Respondent, v. BILLY KITCHENS,
Appellant.

Wainwright & Bacanelli and Harry S. Wainwright for
Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Philip Hanley, Deputy District Attorney, for Respondent.

TRAYNOR, J.—Defendant was found guilty by a jury of one count of possessing marijuana in violation of Health and Safety Code, section 11500. His motion for a new trial was denied, and he was sentenced to one year in the county jail. He appeals from the judgment and the order denying his motion for a new trial.

At about 3:40 p. m. on March 9, 1954, Officer Getchell and Officer McKinley of the San Francisco Police Department and Agent Casey, a federal narcotics inspector, went to an apartment house on Sutter Street. They called on the manager, and she went with them to the door of apartment 24, knocked or rang and identified herself as the manager. Mary Palermo, who lived in the apartment with Eden Germane, opened the door and the officers entered. Officer Getchell went immediately into the living room where defendant was seated on a couch. He identified himself as an officer and ordered defendant to stand up. He then searched him and found a small plastic bottle containing marijuana in the left hand front pocket of his trousers. Thereafter he placed him under arrest. The officers searched the apartment and found other marijuana belonging to Germane, who entered while the search was under way. Officer Getchell questioned defendant about the marijuana found in his pocket and defendant told him that he "didn't know why he had it in his pocket. He rolled a couple of cigarettes and smoked it and it did nothing for him, he got no kick out of it. He just could give no other reason." Lieutenant Stafford of the Redwood City Police Department testified that he called on the proprietor of the apartment house where defendant had lived before his arrest. The proprietor gave him access to personal property of defendant's that had been placed in a warehouse section of the apartment premises. Lieutenant Stafford found a pair of defendant's trousers that had marijuana seeds in a pocket. Defendant testified that on the day of the arrest he had called at Germane's apartment to pick up a new suit that he had left with Germane to have altered. Germane was a friend of his whom he had visited five or six times. Before the officers arrived, defendant had

taken off his work clothes and put on the trousers of the new suit. He had not put on the coat, which the officers found lying on the back of the couch where he was sitting. According to defendant, the bottle of marijuana was discovered by Officer Getchell, not in the trousers pocket, but in one of the coat pockets, and defendant did not know it was there. Germane testified that he had worn defendant's coat the day before and that the marijuana was not defendant's but his. He also testified that he had borrowed defendant's trousers that were found in Redwood City and that he had probably put the marijuana seeds in the trousers pocket.

Defendant contends that the principal evidence against him was obtained by an illegal search of his person and of his personal property at Redwood City. The attorney general contends that defendant cannot rely on any error in this respect, since he failed to object to the introduction of the evidence on the ground that it was illegally obtained.

This case was tried before the decision in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], at a time when the trial court was bound by the earlier decisions of this court that illegally obtained evidence was admissible, and the record demonstrates that it would have admitted the evidence even had objections been made. Thus, on cross-examination Officer Getchell was asked whether he had a search warrant, a warrant for defendant's arrest, or any doubt when he entered the apartment and searched defendant that defendant "was responsible for having possession of marijuana" and a prosecution objection on the ground of irrelevancy to each question was sustained. It is unnecessary to decide whether under ordinary circumstances the asking of such questions would be sufficient to permit reviewing the admissibility of the evidence on appeal. ▮ Although we adhere to the rule that ordinarily the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision. This practice was adopted by the federal courts following the decision of the United States Supreme Court in *McNabb* v. *United States*, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819], holding confessions obtained during a period of illegal detention inadmissible even if voluntarily made. (*Gros* v. *United States*, 136 F.2d 878, 880-881; *Runnels* v. *United States*, 138 F.2d 346, 347; *United States* v. *Haupt*, 136 F.2d 661, 668-669; see also

*Gambino* v. *United States,* 274 U.S. 310, 319 [48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381]; *Clyatt* v. *United States,* 197 U.S. 207, 221-222 [25 S.Ct. 429, 49 L.Ed. 726]; *Wiborg* v. *United States,* 163 U.S. 632, 658 [16 S.Ct. 1127, 1197, 41 L.Ed. 289]; *Mott* v. *Smith,* 16 Cal. 533, 555; *People* v. *Evans,* 39 Cal.2d 242, 248-249 [246 P.2d 636].) A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. Moreover, in view of the decisions of this court prior to *People* v. *Cahan, supra,* an objection would have been futile, and "The law neither does nor requires idle acts." (Civ. Code, § 3532.) To the extent that *People* v. *Brooksher,* 134 Cal.App.2d 266 [285 P.2d 298], is inconsistent with our decision herein, it is disapproved.

 The attorney general contends, however, that in the absence of evidence to the contrary it must be presumed that the search and seizure were lawful. (See Code Civ. Proc., § 1963, subds. (1), (15), (20), (33).) There is, however, sufficient evidence in the record to support the conclusion that the search and seizure at the time of defendant's arrest were unlawful. Officer Getchell testified that he went to the apartment where defendant was arrested "acting upon certain information." He and the other officers secured the cooperation of the manager who induced Mary Palermo to open the door. The officers immediately entered, and it does not appear that they requested permission to do so or asserted that they had a right to enter pursuant to a warrant or for the purpose of making an arrest. It may be inferred that the officers were looking for Germane who rented the apartment. It does not appear whether they had reasonable cause to believe that Germane was guilty of possessing narcotics or whether they went to the apartment hoping to secure evidence to justify an arrest. The officers did not know who defendant was, and his mere presence in the Germane apartment would not justify his arrest and search (*United States* v. *Di Re,* 332 U.S. 581, 587 [68 S.Ct. 222, 92 L.Ed. 210]; *People* v. *Sanders, ante,* p. 247 [294 P.2d 10] and cases cited), unless the officers were justified in arresting Germane and reasonably mistook defendant for him. (Pen. Code, § 836, subd. (3).)

The attorney general contends that there is evidence that Officer Getchell was reasonably mistaken as to defendant's

identity and that, in any event, it must be presumed that he was. In view of the fact, however, that the prosecution successfully prevented defendant from eliciting direct evidence from Officer Getchell on this point, we do not believe that the issue may be determined at this time on the basis of conflicting inferences in favor of the People. Since this case was tried before the decision in the Cahan case, the prosecution was no more at fault for objecting to defendant's questions in this respect than defendant was for not objecting to the introduction of the evidence in the first instance. Fairness to both parties compels that they be given an opportunity to litigate the issue of the legality of the search and seizure on the basis of all of the facts.

The attorney general also contends that defendant has no standing to object to the seizure of the marijuana on the ground that he denied that it was his. Defendant's rights were violated, however, if his person and clothing in his possession were subjected to an unreasonable search. (*People* v. *Gale, ante,* p. 253 [294 P.2d 13]; *United States* v. *Stappenback,* 61 F.2d 955, 957.) Just as in the Gale case, if the marijuana was discovered as a result of such a search, "it was obtained in violation of defendant's constitutional rights and may not be used as evidence against him. [Citations.] Moreover, in *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855], we held that 'whenever evidence is obtained in violation of constitutional guarantees, such evidence is inadmissible whether or not it was obtained in violation of the particular defendant's constitutional rights.'"

Defendant contends that the evidence of the marijuana found in his trousers stored in Redwood City should also have been excluded on the ground that it was illegally obtained. Since the judgment must be reversed for the reasons stated above, and since on retrial the facts bearing on the question of the legality of the seizure of defendant's trousers will be more fully explored, no purpose would be served by deciding this question on the basis of the limited facts bearing on the issue presented in this record.

The judgment and order are reversed.

Gibson, C. J., Carter, J., Schauer, J., and McComb, J., concurred.

Shenk, J., dissented.

SPENCE, J.—I concur in that portion of the majority opinion which states that "Although we adhere to the rule

that ordinarily the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision.''

I dissent, however, from those portions of the decision which hold that the evidence was illegally obtained. I am of the opinion that the arrest was a lawful one and that the search made as an incident to such lawful arrest was a reasonable search rather than an unreasonable search. (See dissenting opinion in *Badillo* v. *Superior Court, post,* p. 269 [294 P.2d 23].)

I would affirm the judgment and order denying a new trial.

Respondent's petition for a rehearing was denied March 21, 1956. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.