[Crim. No. 9837.   Second Dist., Div. Two.   Feb. 17, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD JOSEPH NIGRI, Defendant and Appellant.

Glory D. Coffey, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment convicting him of the crime of statutory rape (Pen. Code, § 261, subd. 1) following a nonjury trial based solely upon the testimony of the prosecuting witness contained in the transcript of his preliminary hearing.

This case was tried prior to the decision of the Supreme Court in *People* v. *Hernandez*, 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673], which very substantially changed the previously established law relating to the crime of statutory rape. This recent decision declares it to be the law that a defendant's reasonable belief that the female was above the age of consent constitutes a valid defense.

Here the prosecuting witness testified that she was approximately 15 years and 9 months of age at the time the offense was committed. She had been living with defendant for approximately a month prior to the date of her arrest by the juvenile officers. She had had numerous acts of sexual intercourse with defendant, and prior to taking up residence with

him, she had been living with another man. Defendant had promised to marry her.

On the question of her age, the following is disclosed by the terse record before us: "Mr. Kronenberg [Deputy Public Defender] : Q. Had you told the defendant how old you were prior to your living with him? Mr. Paoli [Deputy District Attorney] : Objection, Your Honor. That is immaterial. The Court : *It is immaterial as far as the charge itself is concerned,* but it is a matter that might be of some interest at a later time. Mr. Kronenberg: May the question stand, Your Honor? The Court: Yes, I will let it stand. The Witness: No. I lied to him. Q. Had you told him something about your age? A. I told him that I was 18. Q. You told him you were 18 ; is that right? A. Yes." Subsequently she was asked by the Deputy District Attorney: "Q. Debra, why did you tell the defendant that you were 18? A. Because—I don't really know why." (Italics added.)

▌ It is obvious, of course, that the magistrate, in his ruling that the statements made to defendant by the prosecuting witness with respect to her age were immaterial and inadmissible for the purpose of deciding the issue of guilt, very naturally and properly was applying what he and both of counsel had good cause to believe was controlling law. Her answers were allowed to remain in the record solely for such benefit as they might furnish defendant at the time of his probation and sentence hearing. Appellant contends that in view of the change in the law effected by *People* v. *Hernandez, supra,* 61 Cal.2d 529, he should be granted a new trial for the purpose of allowing him to interpose his claimed defense that he reasonably believed the statements assertedly made to him by the prosecuting witness as to her age. We agree.

Respondent argues that we should distinguish *Hernandez* from the instant case because there appellant had made an offer of proof which had been rejected. We regard such reasoning as unrealistic. The appropriate approach in this instance appears to be that adopted by our Supreme Court in the analogous situations that followed upon the establishment of a new rule regarding the admissibility of illegally obtained evidence. In *People* v. *Kitchens,* 46 Cal.2d 260, 262-263 [294 P.2d 17], it was stated:

"This case was tried before the decision in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], at a time when the trial court was bound by the earlier decisions of this court that illegally obtained evidence was admissible, and the record

demonstrates that it would have admitted the evidence even had objections been made. Thus, on cross-examination Officer Getchell was asked whether he had a search warrant, a warrant for defendant's arrest, or any doubt when he entered the apartment and searched defendant that defendant 'was responsible for having possession of marijuana' and a prosecution objection on the ground of irrelevancy to each question was sustained. It is unnecessary to decide whether under ordinary circumstances the asking of such questions would be sufficient to permit reviewing the admissibility of the evidence on appeal. Although we adhere to the rule that ordinarily the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision. This practice was adopted by the federal courts following the decision of the United States Supreme Court in *McNabb* v. *United States*, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819], holding confessions obtained during a period of illegal detention inadmissible even if voluntarily made. [Citations.] A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. Moreover, in view of the decisions of this court prior to *People* v. *Cahan, supra,* an objection would have been futile, and 'The law neither does nor requires idle acts.' (Civ. Code, § 3532.) To the extent that *People* v. *Brooksher*, 134 Cal. App.2d 266 [285 P.2d 298], is inconsistent with our decision herein, it is disapproved.''

■ Respondent also appears to contend that since the prosecutrix testified that she was only 15 years and 9 months of age, we should hold *as a matter of law* that appellant could not reasonably have believed her statements to him. When it is borne in mind that this case was submitted upon the transcript of the preliminary hearing so that the trial court had no opportunity to observe the appearance and the mannerisms of the female in question and that counsel justifiably refrained from pursuing avenues of inquiry which since have been opened by the decision in *People* v. *Hernandez, supra,* 61 Cal.2d 529, such a holding by this court would be patently unreasonable and inappropriate.

The judgment is reversed and the cause is remanded to the

trial court for a new trial wherein appellant will be afforded the opportunity to introduce whatever admissible evidence he may be able properly to offer under presently controlling law.

Roth, P. J., and Fleming, J., concurred.