[Crim. No. 10800.   Second Dist., Div. Three.   Feb. 17, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. PEDRO VALENZUELA NATIVIDAD, Defendant and Appellant.

Pedro Valenzuela Natividad, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth, Robert P. Samoian and Michael J. Smolen, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT.—The defendant was convicted of burglary of the second degree and was sentenced to the state penitentiary, the sentence to run consecutive to the sentence imposed in Los Angeles County Superior Case No. 286919.

Prejudicial error is claimed by the defendant for failure of the police to advise him of his constitutional rights to counsel, and to remain silent, before his statement was taken. He relies upon the rule in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], in support of his claim.

By stipulation of all counsel the cause was duly submitted to the trial court on November 2, 1964, on the testimony contained in the transcript of the proceedings had at the preliminary hearing.

An illegal entry was made into a jewelry store, by breaking a hole through the roof and ceiling of the premises, each large enough for a person to go through. A ladder had been moved directly below the hole in the ceiling. Several cabinets were opened but nothing appeared to have been taken.

The next day the defendant was interrogated by an officer in the sheriff's substation. He admitted his complicity in the burglary. He stated that another person whom he knew as a good burglar told him of a jewelry store he had set up for a burglary, and all that he had to do was to drill one more hole in the roof to gain entry; that he picked up a walkie-talkie set and drove this man to the vicinity of the jewelry store. They drove around for possible police surveillance, then parked their car at a block and a half away. Defendant climbed a tree to gain access to the roof, then lowered a rope and the other man climbed up. After the hole was made the other man went through the hole; that their efforts were thwarted when the other man tripped the alarm; that he was arrested on the roof. Defendant stated they intended to steal jewelry and watches.

There is nothing in the record to show that the defendant was advised of his constitutional rights as required by the *Dorado* rule. The burden is on the prosecution to

show that a defendant was either informed of these rights or otherwise waived them. No waiver is presumed from a silent record. (*People* v. *Roberts,* 63 Cal.2d 84 [45 Cal.Rptr. 155, 403 P.2d 411].)

Suffice it to say, all the conditions set forth in the *Dorado* rule were present, requiring the officer to inform the defendant of his constitutonal rights before the interrogation commenced.

The respondent states that assuming the statements of the defendant were inadmissible, the defendant's failure to object to their admissibility precludes his raising the question on appeal since his case was tried after the decision in *Escobedo,* and after the first decision in *People* v. *Dorado,* (August 31, 1964).

The rules relating to appellate review for failure to object at the trial are summarized in *People* v. *Hillery,* 62 Cal.2d 692, 711-712 [44 Cal.Rptr. 30, 401 P.2d 382] as follows: "Although defendant did not object at trial to the admissibility of these statements, he is not now barred from urging such inadmissibility. As a general rule the admissibility of evidence will not be reviewed on appeal in the absence of proper objections at trial. (*People* v. *Merkouris* (1956) 46 Cal.2d 540, 558 [297 P.2d 999].) We held, however, in *People* v. *Kitchens* (1956) 46 Cal.2d 260, 262-263 [294 P.2d 17], that the rule did not apply to appeals based upon the admission of illegally obtained evidence in cases in which the trials were conducted prior to *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], which declared such evidence inadmissible. As we stated in *Kitchens,* 'A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. . . .' (*People* v. *Kitchens* (1956) 46 Cal.2d 260, 263 [294 P.2d 17].) Furthermore, since any objection prior to the United States Supreme Court's decision in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], 'would have been futile, and "The law neither does nor requires idle acts" (Civ. Code, § 3532)' (*People* v. *Kitchens* (1956) 46 Cal.2d 260, 263 [294 P.2d 17]), defendant is not barred from raising the issue of admissibility of this evidence on appeal."

The trial of the instant case was held November 2, 1964. *Escobedo* was decided June 25, 1964; the first decision of

*Dorado* came down on August 31, 1964, and rehearing was granted on September 24, 1964. Thus at the time of trial, *Escobedo* was law, while the opinion in *Dorado* was rendered inoperative by the order for rehearing.

It is doubtful whether we can attribute to defense counsel an awareness of a rule of law basic to the defense of the appellant as enunciated in *Dorado,* until it was finalized. During that period in which this trial was conducted, reasonable legal minds differed as to whether in the absence of a showing that the suspect has requested and been denied an opportunity to consult with his lawyer *Escobedo* required the rejection of a voluntary confession because the authorities did not affirmatively caution the accused of his right to remain silent before he made admissions of guilt.[1] The requirement that an accused be informed of his right to counsel or of his absolute right to remain silent as a prerequisite to the admissibility of a voluntary confession, was unquestionably established in California by *Dorado,* after the trial of the instant case. It is stated in *In re Woods,* 64 Cal.2d 3, 7-8 [48 Cal.Rptr. 689, 409 P.2d 913] : "Neither [defendant] nor his then counsel can be held accountable for failing to raise objections which could only be sustained by reference to cases yet to be determined. (See *People* v. *Forbs,* 62 Cal.2d 847, 851 [44 Cal.Rptr. 753, 402 P.2d 825].)"

In *People* v. *Forbs, supra,* at page 851, the Supreme Court held that: ". . . defendant's failure to object on the ground that the admission of the statements violated her rights established by *Escobedo* and *Dorado* does not constitute a waiver of those rights since the present trial occurred prior to the decision in those cases. (*People* v. *Hillery.* . . .)" *Hillery,* 62 Cal.2d 692, 712 [44 Cal.Rptr. 30, 401 P.2d 382], however, refers to cases, prior to *Escobedo,* only, in which the failure to object did not constitute a waiver.

We are constrained to hold that the defendant is not precluded from raising on appeal the issue of the admissibility of his incriminating statements, and that the admission of such statements constitutes prejudicial error under the rule established in *Dorado,* requiring a reversal of the judgment.

If we were to adopt the position contended for by respondent

---

[1]See: *People* v. *Hartgraves,* 31 Ill.2d. 375 [202 N.E.2d 33] (Ill. Sept. 1964); *Commonwealth* v. *Coyle,* 415 Pa. 379 [203 A.2d 782] (Pa. Oct. 1964); *People* v. *Furnish* (Cal.App.) 40 Cal.Rptr. 316 (vacated, hearing granted October 21, 1964; the decision of the Supreme Court is reported in 63 Cal.2d 511 [47 Cal.Rptr. 387, 407 P.2d 299]).

that since this trial was conducted after *Escobedo,* the defendant is precluded from raising this issue on appeal because of the failure of his counsel to object to the admission of his statements, we are then confronted with *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], in which the judgment was reversed for counsel's failure to challenge the legality of a search and seizure which resulted in the withdrawal of a crucial defense.

Judgment reversed.

Respondent's petition for a hearing by the Supreme Court was denied April 13, 1966. Peters, J., was of the opinion that the petition should be granted.