[Crim. No. 10505.   Second Dist., Div. Four.   Mar. 9, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ENRIQUE ANICETO GARCIA, Defendant and Appellant.

Dahlstrum & Walton and Richard A. Walton for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Andrea Sheridan, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of section 11530.5 of the Health and Safety Code (possession of marijuana for sale) ; a prior conviction of felony was also charged. After a motion under section 995 of the Penal Code had been made and denied, he pled not guilty and denied the prior. Trial by jury was duly waived, he was found guilty and the prior was found to be true. Probation was denied and a state prison sentence was imposed.

The police were informed by an informant that defendant was in possession of a large quantity of marijuana. The in-

formant was searched and given a $1.00 bill, the serial number of which was recorded. Under the observation of the officer, the informant went to the door of defendant's residence, had a conversation with someone at the door, during which the informant appeared to hand something to that person and receive something in exchange. On the informant's return to the officer, he had two marijuana cigarettes and told the officer that he had secured them from defendant in exchange for the bill, which defendant had placed in his wallet. The officer, with other officers, forced an entry into the house and found the $1.00 bill in defendant's wallet. They observed defendant drop a cardboard box. One officer asked defendant, "Do you have any weed in the house?" Defendant, pointing to the box, said: "Yes, I just dropped it there in that box." The box contained 203 marijuana cigarettes, cigarette paper and some loose substance. A "conversation" with defendant followed, in which defendant admitted ownership of "the stuff" and that he had been selling for five months or so. Formal arrest and booking followed.

No objection was made at the trial to the introduction of the articles found nor to any of the above testimony. On this appeal, the sole point urged is that the statements made by defendant were confessions and that they were obtained in violation of the rule as set forth in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

I

The Attorney General urges that, since the trial was held in the summer of 1964, subsequent to the filing on June 22, 1964, of the opinion in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], defendant's failure to urge this point at the trial forecloses a consideration of it here.

We do not agree. We recognize that, in determining the extent to which the rule under consideration may be applied retroactively, the court has held that the determining factor is whether or not the judgment had become final before or after the date of the *Escobedo* opinion. (*People* v. *Rollins* (1967) 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221]; *People* v. *Ketchel* (1966) 63 Cal.2d 859 [48 Cal.Rptr. 614, 409 P.2d 694].) But that test is not necessarily the same as the test for determining whether or not a defendant must object in the trial court. The rule that a defendant may urge on appeal a ground not urged in the trial court where such ground had

344

not become available until after the trial (see *People* v. *Kitchens* (1965) 46 Cal.2d 260 [294 P.2d 17]), is based on the fact that " 'A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law . . .' " (*People* v. *Hillery* (1965) 62 Cal.2d 692, 711-712 [44 Cal.Rptr. 30, 401 P.2d 382], quoting from *People* v. *Kitchens, supra* (1956) 46 Cal.2d 260, 263.) While it was later to be decided that the decision in *Escobedo* required the police to give an affirmative warning of constitutional rights under the circumstances existing in *Dorado,* we do not think that the state of the law in California, prior to the first opinion in *Dorado* on August 31, 1964, was such as to charge defendant or his counsel with foreseeing the rule ultimately pronounced in January of 1965. It is of record that two justices of the Supreme Court and every district attorney in California except one did not regard *Escobedo* as compelling the *Dorado* rule; we are unwilling to penalize a defendant because his trial counsel was not more alert to the significance of the holding of, and language in, *Escobedo* than were these lawyers and judges.

II

The record being silent, and the arrest and "conversations" having preceded not only *Dorado* but *Escobedo,* we must presume that no warning was given. The statements were a full confession of the crime herein charged. Admittedly, defendant was in custody and suspicion had "focused" on him. While *Dorado* does not apply to questions asked or statements made prior to defendant being in custody (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159 [49 Cal. Rptr. 302, 410 P.2d 838]), still it is enough that defendant be under restraint by the police and formal arrest is not required (*People* v. *Furnish* (1965) 63 Cal.2d 511 [47 Cal.Rptr. 387, 407 P.2d 299]; *People* v. *Chaney* (1965) 63 Cal.2d 767 [48 Cal.Rptr. 188, 408 P.2d 964].) Three of the four requisites of *Dorado* are therefore present.

There is nothing in this record to rebut the normal inference (see *People* v. *Stewart* (1965) 62 Cal.2d 571 [43 Cal. Rptr. 201, 400 P.2d 97]) that an interrogation conducted after a suspect is in custody is one that will "tend to elicit incriminating statements." The officers had sufficient evidence to support a finding that defendant had, moments before, sold two marijuana cigarettes to the informant for the very dollar bill which was found in his wallet; they had seen him in personal possession of, and drop, a box containing 203

similar cigarettes. Suspicion had not merely focused, it had pinpointed. No possible exculpatory explanation could have been expected and the questioning could have had no purpose other than to secure cumulative evidence of a crime already amply proven. All of the elements of *Dorado* were present.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.