[Crim. No. 13720. Second Dist., Div. Five. Feb. 26, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALFRED ANDREW TAYLOR, Defendant and Appellant.

Marshall S. Freedman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward J. Horowitz, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—In an information filed by the District Attorney of Los Angeles County, defendant was accused in three counts. In count 1, he was accused of violating Penal Code, section 459 (burglary); in count 2, with violating Penal Code, section 209 (kidnaping for the purpose of robbery); and in count 3, with violating Penal Code, section 261.3 (forcible rape). Defendant was arraigned and pleaded not guilty. On November 22, 1966, the defendant requested a reduction in bail, a hearing under Penal Code, section 995, and the appointment of a private attorney in lieu of the public defender. All three requests were denied. Trial by jury was begun on December 16, 1966, and on motion of the People, count 2 of the information was amended to charge simple kidnaping only. The jury was unable to reach a verdict, and a mistrial was declared. A second trial was begun on February 6, 1967. At this trial, the jury found the defendant guilty of counts 1 and 3, but not guilty of count 2. Defendant's motions for a new trial and probation were denied. Defendant was then committed to the California Youth Authority on count 1 for the term prescribed by law. Defendant appeals from the judgment (Welf. & Inst. Code, § 1737.5) and from the order denying his motion for a new trial.

The facts out of which this prosecution arose will only be

dealt with briefly as they are not crucial to the point urged on appeal. In the early morning hours of October 5, 1966, defendant entered the apartment where Mrs. Demeris Robertson lived with five of her children and a man named Christopher C. Armelin. Defendant took a paring knife from the kitchen and made his way upstairs to the room in which Mrs. Robertson and Mr. Armelin were sleeping. He forced Mr. Armelin into the bathroom, and told him to stay there. He then returned to the bedroom and had sexual intercourse with Mrs. Robertson against her will, holding the knife against her. Mrs. Robertson's son, John Carter, was awakened and overheard some of what had happened. He then went for help, and returned with the police, who arrested the defendant.

Defendant's sole contention on this appeal is that it was error to deny his request that the court appoint private counsel in lieu of the public defender.[1] He contends that this denied him due process and choice of counsel, and argues that it amounted to a denial of equal protection. He contends that although the cases are clear that the appointment of the public defender satisfies the requirement of right to counsel, these cases have not looked into the equal protection aspects of the issue. He contends that since a more wealthy defendant can change counsel, the indigent should likewise be allowed to change counsel. He points to the "indigent panel" as an available source of attorneys to serve in the stead of the public defender in such situations in which an indigent defendant would prefer not to be represented by the public defender.[2] We do not agree. The basic California law in this

---

[1]At the time in question, Penal Code, section 987a stated: ''In any case in which counsel is assigned in the superior court to defend a person who is charged therein with crime, . . . but who is unable to employ counsel, such counsel, in a county, or city and county, in which there is no public defender, or in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused, shall receive a reasonable sum for compensation and for necessary expenses, the amount of which shall be determined by the court, to be paid out of the general fund of the county.''

[2]Though the County of Los Angeles has a public defender's office in Los Angeles (of recognized stature), there exists what has become known as ''The Indigent Attorney Panel.'' Though the designation is somewhat a *non sequitur*, '' [o]n November 14, 1966, approximately 175 attorneys were listed on the 'counsel approved for appointment by Superior Court pursuant to Penal Code Section 987(a)' and therefore eligible to be appointed as defense counsel for indigent defendants pursuant to 987(a) of the Penal Code.'' ''Appointment of defense counsel was not limited to those attorneys who appeared on said eligibility list, but could be any counsel which a Judge of the Superior Court deemed fit.'' ''On said date, funds were available, and budgeted, for the Superior Court, for the

area was expressed by our Supreme Court in *People* v. *Hughes,* 57 Cal.2d 89, 97-100 [17 Cal.Rptr. 617, 367 P.2d 33]. ██ There, it made clear that the right to counsel is satisfied by the appointment of the public defender, and that a defendant does not have the right to have any particular attorney appointed. This principle has been reaffirmed and accepted in cases subsequent to the United States Supreme Court decisions in *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733] and *Douglas* v. *California,* 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], imposing upon the states the obligation to make qualified counsel available to every indigent defendant. (*People* v. *Bourland,* 247 Cal.App.2d 76, 83 [55 Cal.Rptr. 357] (cert. den. 388 U.S. 920 [18 L.Ed.2d 1367, 87 S.Ct. 2142]); *People* v. *Lee,* 249 Cal.App.2d 234, 241-242 [57 Cal.Rptr. 281]; *People* v. *Jackson,* 250 Cal.App.2d 851, 853 [58 Cal.Rptr. 776]; *People* v. *Norman,* 252 Cal.App.2d 381, 399-403 [60 Cal.Rptr. 609].)

██ In the instant case, no reason whatsoever for the request for the appointment of counsel other than the public defender appears in the record. The public defender did not indicate any reason or desire not to represent defendant. Had the request by defendant related only to the individual attorney assigned by the public defender's office and been substantiated by any valid reason of defendant, we have no doubt but that a different individual attorney from that office would have been made available. No reason of any kind for defendant's request is shown in the record, and the only reason argued on appeal is, in substance, that since a person of wealth has the right to change his attorney without stating (or even having) a reason other than desire, so *must* an indigent defendant have the like right, or he is not being *provided* equal justice. The reasoning set forth in *People* v. *Hill,* 67 Cal.2d 105, 124 [60 Cal.Rptr. 234, 429 P.2d 586], though considering the right of an individual defendant to a "complete transcript," succinctly answers the argument presented by defendant in the case before us. Like the trial court, we see no compelling reason to grant what has every appearance of a mere whim of the defendant.

---

express purpose of paying counsel so appointed for indigent defense, pursuant to 987(a) of the Penal Code." [The foregoing quotations are excerpts from the declaration of the judge presiding in the criminal department's master calendar of the superior court, and are before us by way of stipulation. The declaration states the number of attorneys on the "panel."]

The judgment is affirmed; the appeal from the order denying motion for a new trial, a non-appealable order, is dismissed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

A petition for a rehearing was denied March 18, 1968, and appellant's petition for a hearing by the Supreme Court was denied April 24, 1968.

*Assigned by the Chairman of the Judicial Council.