[Crim. No. 15347. Second Dist., Div. Five. Nov. 7, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LEE BALLARD, Defendant and Appellant.

**COUNSEL**

Paul A. Jacobs, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—By an information filed on April 13, 1967, defendant was charged with robbery (in violation of Pen. Code, § 211) and with kidnaping for the purpose of robbery (in violation of Pen. Code, § 209) in counts I and II, respectively. Defendant pleaded not guilty. The jury was unable to reach verdicts, and the court declared a mistrial. Defendant's motion to dismiss was denied. A new jury was impaneled.

Defendant was found guilty on both counts. Probation and a motion for a new trial were denied. Defendant was sentenced to the state prison for the term prescribed by law. The sentence as to count I was stayed until the sentence on count II is satisfactorily completed, upon which the stay was ordered to become permanent. This is an appeal from the judgment of conviction.

A detailed statement of facts is unnecessary because the two contentions of defendant on appeal do not involve the sufficiency of the evidence.

■ The first issue urged is: "It was error for the trial court to refuse to grant appellant's request for augmentation of the record on appeal." There is no merit to this contention. Rule 33(b) provides: "The appellant may request the inclusion of any of the following:

"(1) In the clerk's transcript: (a) written motions made or notices of motion given by the defendant or by the People, and affidavits filed in support of or in opposition to the motion for new trial or any other motion; (b) any written opinion of the superior court.

"(2) In the reporter's transcript: (a) proceedings on the voir dire examination of jurors; (b) opening statements; (c) arguments to the jury; (d) any oral opinion of the superior court, and comments on the evidence by the trial judge before the jury.

"(3) To be transmitted as originals: any exhibits admitted in evidence or rejected.

"If the appellant desires such additional record he shall file with his notice of appeal an application describing the material which he desires to have included and the points on which he intends to rely which make it proper to include it. The clerk shall immediately present the request to the judge and notify the reporter. The judge, within five days after the filing of such application, shall make an order directing the inclusion in the record of as much of the additional material as, in his opinion, may be proper to present fairly and fully the points relied on by appellant in his application. If the judge fails to make any order within five days after the application is filed, the material requested, with the exception of exhibits, shall be included in the clerk's and reporter's transcripts without such order." The court denied defendant-appellant's request ten days after the request was filed, and thus, the court failed to act within the time specified in subdivision (3) of rule 33(b). In the instant case, this is not determinative of the question, because the request by defendant set forth no "points upon which he intends to rely which make it proper to include it." The defendant's request being fatally defective on its face, noncompliance by the court is not reversible error.

The reference to *People* v. *Hill,* 67 Cal.2d 105, 124 [60 Cal.Rptr. 234,

429 P.2d 586] as set forth in *People* v. *Taylor,* 259 Cal.App.2d 448 at p. 451 [66 Cal.Rptr. 514] is applicable in the instant case. There, we said: "The reasoning set forth in *People* v. *Hill* . . ., though considering the right of an individual defendant to a 'complete transcript,' succinctly answers the argument presented by defendant in the case before us. Like the trial court, we see no compelling reason to grant what has every appearance of a mere whim of the defendant."

█ The second issue urged by the defendant on appeal is: "The identification procedure following the arrest of Appellant was so unfair that it infringed upon Appellant's rights to due process of law." There is no merit to this contention. On March 17, 1967, some five days after the robbery, the victim was taken to the Barstow jail for the purpose of identifying the suspect. The description given to the investigation officers immediately following the offense, and the in-court identification of defendant, establish beyond doubt that the latter was in no way influenced by any suggestiveness (if there was any) at the Barstow jail identification.

Since the arrest and identification of defendant preceded the decisions in *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926] and *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], it is immaterial that no counsel was present at the police lineup. The objection urged, however, is that the lineup, viewed in the light of the police conduct which preceded it, was constitutionally unfair. The statement by the police to the victim when she was asked to view the lineup was that the police had two suspects who "fit the description" that she had given them of the perpetrators of the offenses. We do not consider the language used here to be of such a suggestive nature as to make either the Barstow or in-court identification unfair or untrustworthy. Furthermore, there was no objection or motion to strike the testimony.

█ The final question to be determined relates to the effect of *People* v. *Daniels,* 71 Cal.2d 1119, 1140 [80 Cal.Rptr. 897], which holds that movement of the victim which is merely incidental to the commission of the robbery and "do[es] not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself," does not violate Penal Code section 209. The holding in *Daniels* is applicable to the case at bench. There, the Supreme Court stresses that its interpretation of section 209 is what the Legislature always intended that it should be. In this light, what defendant did was never proscribed under section 209. This alteration in criminal accountability is quite a different matter than a judicial change in constitutional interpretation relating to police standards or prosecution practices and procedures. (See discussion in *People* v. *Ed·*

*wards,* 71 Cal.2d 1096, 1109-1110 [80 Cal.Rptr. 633, 458 P.2d 713].) Rather, the issue is whether defendant can remain convicted for doing acts which at the time of his trial appeared to constitute the crime of kidnaping for the purpose of robbery, but which today, while his case is still on direct review, clearly will not amount to a violation of that statutory section. We think the most recently announced judicial construction of section 209 must be applied in this case. (See, e.g., *People* v. *Villalobos,* 245 Cal.App. 2d 561 [54 Cal.Rptr. 60], which applies our Supreme Court's interpretational change in *People* v. *Leal,* 64 Cal.2d 504, 511-512 [50 Cal.Rptr. 777, 413 P.2d 665] retroactively to a case then on appeal (so-called partial retroactivity); *People* v. *Nigri,* 232 Cal.App.2d 348 [42 Cal.Rptr. 679], which similarly followed the judicial change that was pronounced in *People* v. *Hernandez,* 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]; see also language in *People* v. *Rollins,* 65 Cal.2d 681, 687-688 and footnote 3 at page 685 [56 Cal.Rptr. 293, 423 P.2d 221], which seems to be applicable to the instant situation, namely, "even a non-retroactive judicial decision governs all cases which were not yet final when the decision was announced." (At p. 688.) Because the posture of the instant case does not require it, we do not concern ourselves with the question of whether the *Daniels* interpretation should be applied to cases in which judgment has already become final (so-called full retroactivity).

The judgment is reversed as to count II and affirmed as to count I.

Kaus, P. J., and Aiso, J., concurred.

A petition for a rehearing was denied December 4, 1969, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1969.